IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40814
Summary Calendar
_____

RICHARD YARBROUGH, ET AL,

Plaintiffs,

RICHARD YARBROUGH,

Plaintiff-Appellee,

versus

CITY OF SANGER, ET AL,

Defendants,

LARRY KEESLER; BENNY ERWIN,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CV-24
--------------------
February 7, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Sanger, Texas, Police Chief Benny Erwin and City Administrator Larry Keesler seek to appeal the district court's denial of their motion for summary judgment based on their assertion that they are qualifiedly immune from Richard Yarbrough's 42 U.S.C. § 1983 claim that they discharged him from the police force in violation of his

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First Amendment rights. Although directed to include in their brief an argument regarding this court's appellate jurisdiction, they have failed to do so.

Federal courts of appeal have jurisdiction of "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "[A] district court's denial of a claim of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985); <u>see</u> <u>Gonzales v. Dallas County, Texas</u>, 249 F.3d 406 (5th Cir. 2001).

However, a defendant invoking a qualified-immunity defense may not appeal a district court's denial of summary judgment insofar as the order determined whether the record sets forth a genuine issue of fact for trial. <u>Johnson v. Jones</u>, 515 U.S. 304, 319-20 (1995). Nevertheless, this court retains jurisdiction to determine as a matter of law whether the defendants are entitled to qualified immunity, after accepting all of the plaintiff's factual allegations as true, by determining whether these facts show that the defendants' conduct was objectively reasonable under clearly established law. <u>Behrens v. Pelletier</u>, 516 U.S. 299, 313 (1996). The jurisdictional question, then, is "whether the record reflects undisputed facts upon which [the court] may make a determination of the legal question before [it]: whether a reasonable public official could have believed, in the light of clearly established law, that the specific conduct of discharging [Yarbrough] did not violate his constitutional rights." <u>Gonzales</u>, 249 F.3d at 411.

2

Taking Yarbrough's allegations as true, the record is insufficient to enable this court to conclude as a matter of law that Yarbrough was in fact or could reasonably have been fired for insubordination and/or retention of overpayments inadvertently made to him without reference to the other events preceding his termination, including his protected speech.  Compare Gonzales, 249 F.3d at 412-13.  Whether Yarbrough's comments regarding Chief Erwin and Mayor Coker were a substantial or motivating factor in the defendants' decision to terminate him is an unresolved factual dispute material to the question of the objective reasonableness of the defendants' conduct which both precluded summary judgment and deprives this court of appellate jurisdiction.  See Johnson, 515 U.S. at 319-20; Behrens, 516 U.S. at 313; Gonzales, 249 F.3d at 411; see also Lukan v. North Forest Indep. Sch. Dist., 183 F.3d 342, 346 (5th Cir. 1999); Click v. Copeland, 970 F.2d 106, 113 (5th Cir. 1992).  The appeal is therefore DISMISSED for lack of jurisdiction.